IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**TOMMY VU**                                                                                       **PLAINTIFF**

**VERSUS**                                               **CIVIL ACTION NO. 1:23-cv-00129-BWR**

**JACKSON COUNTY, MISSISSIPPI, et al.**                                    **DEFENDANTS**

## ORDER GRANTING MOTION [37] FOR SUMMARY JUDGMENT FOR PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND DISMISSING CASE WITHOUT PREJUDICE

When he filed this lawsuit, Plaintiff Tommy Vu was a prisoner in the custody of the Mississippi Department of Corrections ("MDOC") being housed at the Jackson County Adult Detention Center ("JCADC") in Pascagoula, Mississippi. Compl. [1] at 2, 4. Proceeding *pro se* and *in forma pauperis*, Plaintiff filed this civil action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by Defendants Jackson County, Mississippi; Paralegal Leighann Roush; and Sheriff John Ledbetter. *Id*. at 2-3; Order [11]; Order [16]; Order [22]. On April 17, 2024, Defendants filed a Motion [37] for Summary Judgment for Plaintiff's Failure to Exhaust Administrative Remedies. Plaintiff has not responded. For the following reasons, the Court finds that Defendants' Motion [37] for Summary Judgment should be granted and that this civil action should be dismissed without prejudice for Plaintiff's failure to exhaust administrative remedies.

### I.  BACKGROUND

#### A. Plaintiff's Allegations

The events giving rise to this lawsuit occurred at JCADC and began in August

2022. Compl. [1] at 4-5; Resp. [10] at 1. For the following events, Plaintiff alleges a violation of his First, Fourth, Fifth, Sixth, and Fourteenth Amendment rights. Compl. [1] at 3; Resp. [8] at 1; Resp. [10] at 1; Tr. [43] at 10.[1]

Plaintiff complains that his cell phone "was seized [from his] person" when he was arrested. Tr. [43] at 8. He asked his custodians "to preserve [the cell phone as] evidence for [the] pending criminal matter before [the] Jackson County Circuit Court," Compl. [1] at 4, but JCADC officials either lost or "destroyed [his] phone," *id*. at 5; Tr. [43] at 8. Plaintiff insists that his cell phone "could have [been] used to present . . . evidence" in his pending criminal case, so the loss of that cell phone "has caused [him] substantial prejudice." Compl. [1] at 5. Allegedly, he "also . . . lost cryptocurrency and physical items [that he cannot] get into without that phone." *Id*. Finally, Plaintiff claims that his "mail has been tampered with." *Id*. at 7.

Plaintiff blames Jackson County for disregarding his situation, despite several requests for information and written correspondence "express[ing] concerns" about the preservation of evidence. Resp. [10] at 1. He claims that JCADC officials "threw the evidence away," *id*., despite being the ones "charging [him] with the crime," Compl. [1] at 5. Next, Plaintiff says that he asked Roush to preserve his evidence, but she told him that "it was up to MDOC." Resp. [8] at 1. Plaintiff believes that advice was erroneous, so he accuses Roush of "ineffective assistance." Tr. [43] at 11.

---

[1] The Court held an Omnibus Hearing on May 17, 2024. *See Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985) (authorizing the magistrate judge to "hold an evidentiary hearing" to allow a *pro se* plaintiff to provide a "more definite statement"), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319, 324 n.3 (1989).

Finally, Plaintiff blames Sheriff Ledbetter because he is "responsible for the [Sheriff's] Department." Resp. [10] at 2.

Plaintiff mainly requests the return of his property—if it still exists. Tr. [43] at 14. He otherwise claims "[a] total property loss of $3,190.00," including $500.00 for the phone itself, $2,500.00 for lost cryptocurrency, $100.00 for a watch, and $90.00 for clothes. Compl. [1] at 5. Plaintiff also requests $10,000.00 in punitive damages "for prejudice caused" to his criminal case. *Id.*

**B. Defendants' Summary-Judgment Evidence**

Major Jeremy Skipper, the Director of JCADC, testified by affidavit that Plaintiff "was a state inmate being housed at the JCADC from July 11, 2022, when he was arrested for burglary while on probation, until his release to the custody of the MDOC on February 13, 2024." Mot. [37-1] at 1; *see also* Mot. [37-2] at 1 (Order of Revocation). Attached to Major Skipper's affidavit are "excerpts from the JCADC Handbook" that "explain the grievance procedure to be followed," along with "copies of the grievances filed on the kiosk system by [Plaintiff] . . . between September 8, 2022 and May 10, 2023." Mot. [37-1] at 1. According to Major Skipper, Plaintiff submitted no grievances on the kiosk during August 2022. *Id.*

Next, Defendants submitted a copy of MDOC's Administrative Remedy Program ("ARP") guidelines, through which inmates "may seek formal review of a complaint relating to any aspect of their incarceration." Mot. [37-3] at 1. Letresia Stewart, who is the custodian of ARP records at the Central Mississippi Correctional

3

Facility ("CMCF"), testified by affidavit that Plaintiff "filed a grievance . . . concerning jail time credit" at CMCF, but he "did not appeal to the Second Step of the program." Mot. [37-4] at 1. Attached to Stewart's affidavit are copies of Plaintiff's administrative grievances related to jail time credit. *Id.* at 2-10. These grievances were submitted at CMCF and at the South Mississippi Correctional Institution, *id.* at 6-10, where Plaintiff is now housed, *see* Inmate Details, Tommy Vu, https://www.ms.gov/mdoc/inmate/Search/GetDetails/194938 (last accessed Feb. 18, 2025).

## II.  STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018) (quotation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quotation omitted). "On a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *E.E.O.C. v. WC&M Enters., Inc.*, 496 F.3d 393, 397 (5th Cir. 2007).

"Summary judgment is proper if the movant demonstrates that there is an absence of genuine issues of material fact." *Topalian v. Ehrman*, 954 F.2d 1125, 1131

4

(5th Cir. 1992). "The movant accomplishes this by informing the court of the basis for its motion, and by identifying portions of the record which highlight the absence of genuine factual issues." *Id.* "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges its initial burden of demonstrating entitlement to summary judgment." *Mack v. Waffle House, Inc.*, No. 1:06-cv-00559-RHW, 2007 WL 1153116, at *1 (S.D. Miss. Apr. 18, 2007) (quotation and brackets omitted). "[O]nce a properly supported motion for summary judgment is presented, the nonmoving party must rebut with 'significant probative' evidence." *Id.* (quoting *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978)).

### III. DISCUSSION

Plaintiff's Complaint must be dismissed without prejudice as to all claims and all Defendants because he failed to exhaust administrative remedies before filing this lawsuit. "Since exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010).

Exhaustion of administrative remedies through the prison grievance system is a prerequisite for lawsuits filed under § 1983. *Wright v. Hollingsworth,* 260 F.3d 357, 358 (5th Cir. 2001) (en banc); *see also* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal

5

law, by a prisoner confined in a jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The Fifth Circuit takes a "strict approach" to the exhaustion requirement. *Johnson v. Ford*, 261 F. App'x 752, 755 (5th Cir. 2008) (quotation omitted). "Exhaustion is mandatory for 'all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" *Alexander v. Tippah Cnty., Miss.*, 351 F.3d 626, 630 (5th Cir. 2003 (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)); *see also White v. Banks*, No. 1:16-cv-00101-JCG, 2017 WL 3895556, at *4 (S.D. Miss. Sept. 6, 2017) (applying the exhaustion requirement to "theft of personal property claims"). Dismissal is mandatory where an inmate has failed to properly exhaust the applicable administrative grievance procedure before filing his complaint. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012); *see also Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.").

A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford*, 548 U.S. at 83-84. "Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement." *Evans v. Harrison Cnty. Adult Det. Ctr.*, No. 1:18-cv-00087-RHW, 2020 WL 980149, at *1 (S.D. Miss. Feb. 28, 2020). "The grievance process must be carried through to its conclusion before suit can be filed under the Prison Litigation Reform Act." *Id.* A properly

6

exhausted claim has "complete[d] the administrative review process in accordance with the applicable procedural rules." *Woodford*, 548 U.S. at 88. Those rules "are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

"The exhaustion requirement hinges on the availability of administrative remedies." *Pettis v. Hall*, No. 1:19-cv-00127-RPM, 2021 WL 785096, at *1 (S.D Miss. Mar. 1, 2021) (quotation and brackets omitted). "An inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id*. An MDOC inmate housed at JCADC has available—and must exhaust—both JCADC's grievance procedure and MDOC's ARP. *See Tomlin v. Jackson Cnty.*, No. 1:16-cv-00062-RHW, 2017 WL 1201756, at *3 (S.D. Miss. Mar. 31, 2017) ("As a convicted MDOC inmate housed at JCADC, Tomlin had available to him both the JCADC grievance procedure and the ARP.").

According to JCADC's Inmate Handbook, "[i]nmates may file a grievance when subject to a criminal act by another inmate, a prohibited act by a staff member, abuse or harassment, a violation of civil rights, or denial of common privileges without cause." Mot. [37-1] at 3. "Inmates should file these grievances by using the inmate request system," and "[t]he form should clearly describe the problem and include a detailed account of the circumstances which led to the grievance." *Id*. As relevant here, "[i]nmates who have been sentenced to the Mississippi Department of Corrections also have access to the Administrative Remedy Program." *Id*. (emphases

7

omitted). MDOC's ARP then requires an inmate to complete two steps before filing a lawsuit. Mot. [37-3] at 1-2. The Fifth Circuit has summarized the procedure as follows:

> An inmate must file a grievance within 30 days of the complained-of incident. . . . The grievance is reviewed by the prison's legal-claims adjudicator and, if there is an adverse response at the first step, the inmate may proceed to step two. . . . If the inmate disagrees with the step-two response, he may sue.

*Wheater v. Shaw*, 719 F. App'x 367, 369-70 (5th Cir. 2018).

Administrative remedies were available to Plaintiff through JCADC and MDOC. Major Skipper testified by affidavit that JCADC's Inmate Handbook "is readily available to all inmates" and "is located on a kiosk present in each Day Room at . . . JCADC." Mot. [37-1] at 9. Plaintiff acknowledged at the Omnibus Hearing that JCADC "has a type of administrative grievance procedure," Tr. [43] at 14, and evidence shows that he submitted at least 15 grievance requests on the kiosk at JCADC between July 2022 and May 2023, Mot. [37-1] at 5-9. Moreover, JCADC's Inmate Handbook cautions that "[i]nmates who have been sentenced to . . . [MDOC] also have access to the [ARP]." *Id.* at 3. At least once, in response to a request submitted on the kiosk, Roush advised Plaintiff that he "ha[d] to write the ARP department for that." *Id.* at 6. And Plaintiff concedes that he filed at least one grievance through MDOC's ARP during this time. Tr. [43] at 20-21.

It appears that Plaintiff exhausted the administrative remedies available at JCADC related to the loss or destruction of his cell phone. On May 10, 2023, Plaintiff

8

submitted the following request on the JCADC kiosk:

> I pursuant to the PLRA am using this opportunity to exhaust all of my "Administrative Remedies". I wrote the Paralegal back in August about preserving my evidence in an ongoing criminal matter, and she replied "it is up to MDOC" I later learned that per policy my belongings to include my cell phone were destroyed which contained critical evidence that could have the potential to exonerate me. That has put prejudice to my case that can't be remedied now. This is all the fault of the Jackson County Sheriff's Office. Per requirement of law, please also consider this of my intent to litigate in the correct forums.

Mot. [37-1] at 10 (punctuation, capitalization, and spacing in original). Roush replied, "We have no say so in the property that mdoc allows you to bring up the road or not. Did you not release your property prior to going to mdoc?" *Id*. But Plaintiff did not file an administrative grievance at JCADC about mail tampering.

In any event, the evidence before the Court shows that Plaintiff failed to exhaust the administrative remedies available through MDOC altogether. On December 27, 2022, Plaintiff submitted a grievance request related to "the process for the jail time allotment" at CMCF. Mot. [37-4] at 3. He received a first-step response on March 3, 2023, *id*. at 5, but he "did not appeal to the Second Step of the program," *id*. at 1. Plaintiff submitted yet another request about "jailtime [*sic*] credit" on December 8, 2023, at SMCI, *id*. at 7, and he received a first-step response on January 12, 2024, *id*. at 10. But the evidence before the Court does not show that Plaintiff filed a single ARP regarding the loss or destruction of his cell phone or his allegations of mail tampering before the adjudication of his criminal case—despite being told by Roush that transportation of property "was up to MDOC." Tr. [43] at 11. Thus, the

evidence submitted by Defendants is enough to carry their initial summary-judgment burden of proving their entitlement to judgment as a matter of law based on Plaintiff's failure to exhaust administrative remedies. *See Lane v. Doe*, 399 F. App'x 964, 965 (5th Cir. 2010) (affirming summary judgment based on failure to exhaust administrative remedies where the movant's evidence "establish[ed] beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in his favor" (quotation omitted)).

And Plaintiff has adduced no documentary evidence to show that he in fact exhausted his administrative remedies with respect to these claims before filing this lawsuit. Thus, Plaintiff has not carried his burden as non-movant of "go[ing] beyond the pleadings and designat[ing] specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Defendants' Motion [37] must be granted because Plaintiff has not presented sufficient information to show that he properly exhausted administrative remedies with regard to the claims he raises here. *See, e.g.*, *Ellis v. Shaw*, No. 5:14-cv-00103-MTP, 2016 WL 796131, at *3 (S.D. Miss. Feb. 26, 2016).

## IV.   CONCLUSION

Having thoroughly reviewed and liberally construed Plaintiff's pleadings and testimony, along with the Motion [37] for Summary Judgment and supporting evidence, the Court finds that Plaintiff's Complaint should be dismissed without prejudice as to all claims and all Defendants based on his failure to exhaust

administrative remedies before filing this lawsuit.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion [37] for Summary Judgment for Plaintiff's Failure to Exhaust Administrative Remedies filed by Defendants Jackson County, Mississippi; Paralegal Leighann Roush; and Sheriff John Ledbetter is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff Tommy Vu's Complaint is **DISMISSED WITHOUT PREJUDICE** for his failure to exhaust administrative remedies. A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED,** this 19th day of February, 2025.

*s/ Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE